**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Case No. 12-CR-20043 |
| ) | |
| **ORVELL JONES,** ) | |
| ) | |
| **Defendant.** ) | |

**OPINION**

This case is before the court for ruling on the Motion to Dismiss Indictment (#11) filed by Defendant, Orvell Jones. Following this court's careful consideration of the arguments presented by the parties, Defendant's Motion to Dismiss Indictment (#11) is DENIED.

BACKGROUND

On May 3, 1994, Defendant was convicted of the felony offense of First Degree Criminal Sexual Conduct Victim Under 13 Years of Age in Hennepin County in the State of Minnesota. In July 2006, Congress enacted the Sex Offender Registration and Notification Act (SORNA), which required convicted sex offenders to register and keep their registrations current in each jurisdiction in which the offender resides. See 42 U.S.C. § 16913(a). SORNA made it a federal crime for any person (1) who "is required to register under [SORNA]," and (2) who "travels in interstate or foreign commerce," to (3) "knowingly fail[] to register or update a registration." 18 U.S.C. § 2250(a). SORNA further provides that "[t]he Attorney General shall have the authority to specify the applicability of the requirements of this subchapter to sex offenders convicted before the enactment of this

chapter or its implementation in a particular jurisdiction." 42 U.S.C. § 16913(d). On February 28, 2007, the Attorney General issued an interim regulation making SORNA applicable "to all sex offenders, including sex offenders convicted of the offense for which registration is required prior to the enactment of that Act." 72 Fed.Reg. 8897 (codified at 28 C.F.R. § 72.3).

Sometime between December 2011 and June 18, 2012, Defendant traveled in interstate commerce and moved from the State of Minnesota to the State of Illinois. On July 11, 2012, Defendant was charged by indictment (#1) with violating SORNA. The indictment alleged:

> On or about June 18, 2012, in Kankakee County, in the Central District of Illinois, and elsewhere,
>
> ORVELL JONES
>
> defendant herein, an individual required to register as a sex offender under the Sex Offender Registration and Notification Act ("SORNA"), after receiving a felony conviction on or about May 3, 1994, in the State of Minnesota for 1st Degree Criminal Sexual Conduct Victim Under 13 Years of Age, knowingly failed to register and to update a registration, as required by SORNA, after leaving the State of Minnesota and thereafter traveled in interstate commerce to the State of Illinois.
>
> All in violation of Title 18, United States Code, Section

2250(a).

On July 18, 2012, counsel was appointed to represent Defendant. On September 12, 2012, Defendant filed a Motion to Dismiss Indictment (#11). On October 24, 2012, the Government filed its Response to Defendant's Motion to Dismiss Indictment (#12).

ANALYSIS

In his Motion, Defendant argues that the Indictment must be dismissed because the February 28, 2007, Attorney General's interim regulation was an unconstitutional use of legislative power by the executive branch of government and, thus, SORNA cannot be lawfully enforced against pre-SORNA offenders. Defendant contends that Congress's delegation of authority to the Attorney General to determine the retroactive application of SORNA's registration requirements to pre-SORNA offenders violates the non-delegation doctrine of the United States Constitution. This court does not agree.

The United States Supreme Court has held that "Congress generally cannot delegate its legislative power to another Branch." Mistretta v. United States, 488 U.S.361, 372 (1989), citing Field v. Clark, 143 U.S. 649, 692 (1892). In instances where delegation is permitted, Congress must "lay down by legislative act an intelligible principle to which the person or body authorized to [act] is directed to conform." J.W. Hampton, Jr., & Co. v. United States, 276 U.S. 394, 409 (1928). The Supreme Court has determined that, in considering a non-delegation challenge, a statute is "constitutionally sufficient if Congress clearly delineates the general policy, the public agency which is to apply it, and the boundaries of this delegated authority." Am. Power & Light Co. v. Sec. & Exch. Comm'n,

329 U.S. 90, 105 (1946). Since two 1935 cases invalidating statutes as unconstitutional delegations of power, "the Supreme Court has not struck down a single statute as an impermissible delegation of legislative power." United States v. Ambert, 561 F.3d 1202, 1213 (11th Cir. 2009).

The circuit courts of appeal which have considered the issue have determined that, pursuant to SORNA § 16913(d), Congress constitutionally authorized the Attorney General to promulgate a regulation, and the regulation issued by the Attorney General is a constitutional exercise of that authority. See United States v. Parks, 698 F.3d 1, 7-8 (1st Cir. 2012); United States v. Felts, 674 F.3d 599, 606 (6th Cir. 2012); United States v. Guzman, 591 F.3d 83, 91-93 (2d Cir. 2010); United States v. Whaley, 577 F.3d 254, 263-64 (5th Cir. 2009); Ambert, 561 F.3d at 1213-14; United States v. Dixon, 551 F.3d 578, 584 (7th Cir. 2008), rev'd on other grounds sub nom. Carr v. United States, 130 U.S. 2229 (2010); see also United States v. Goodwin, 2012 WL 984268, at *2 (C.D. Ill. 2012). In Dixon, the Seventh Circuit stated that "[i]t is commonplace and constitutional for Congress to delegate to executive agencies the fleshing out of criminal statutes by means of regulations." Dixon, 551 F.3d at 584, citing Touby v. United States, 500 U.S. 160, 165-69 (1991); United States v. Arch Trading Co., 987 F.2d 1087, 1093-94 (4th Cir. 1993).

In this case, Defendant has claimed that, in Dixon, the Seventh Circuit cited no authority for its conclusion that Congress lawfully delegated authority to the Attorney General, which he argues is important because the authoritativeness of Dixon is now in question after it was overruled on other grounds. This court agrees with United States

4

District Judge Richard Mills' statement in Goodwin that this argument is incorrect. Judge Mills noted that, in support of its conclusion, the Seventh Circuit cited cases from the United States Supreme Court and the United States Court of Appeals for the Fourth Circuit. Goodwin, 2012 WL 984268, at *2, citing Dixon, 551 F.3d at 584. Judge Mills then stated that "[a]lthough *Dixon* is no longer binding authority, the Seventh Circuit's determination that the congressional regulatory authorization in SORNA § 16913(d) is constitutional is consistent with the view of the other circuit courts that have addressed the issue." Goodwin, 2012 WL 984268, at *2. Judge Mills therefore concluded that "*Dixon*'s holding on that specific issue remains good law within the Seventh Circuit." Goodwin, 2012 WL 984268, at *2; see also United States v. Lesure, 2012 WL 2979033, at *1 (S.D. Ill. 2012). This court reaches the same conclusion.

Defendant has also relied on the decision of the Supreme Court in Reynolds v. United States, 132 S. Ct. 975 (2012). In Reynolds, the Supreme Court held that SORNA's registration requirements do not apply to pre-Act offenders who failed to register in the period between July 27, 2006, when SORNA was enacted, and the date the Attorney General validly specifies that the Act's registration provisions apply to them. Reynolds, 132 S. Ct. at 978, 980; see also Lesure, 2012 WL 2979033, at *1. The defendant in Reynolds made the same "nondelegation" argument before the district court that Defendant has made in this case. Reynolds, 132 S. Ct. at 980. However, the court of appeals and Supreme Court did not address the delegation issue. See Goodwin, 2012 WL 984268, at *2, citing United States v. Reynolds, 380 Fed. App'x 125 (3rd Cir. 2010); Reynolds, 132 S. Ct. at 981. Therefore,

5

Reynolds does not provide support for Defendant's argument. See Goodwin, 2012 WL 984268, at *2. Defendant has noted that Justice Scalia addressed the delegation issue in his dissent and indicated that the grant of discretion to the Attorney General raises serious constitutional concerns. See Reynolds, 132 S. Ct. at 986 (Scalia, J., dissenting). Justice Ginsberg joined Justice Scalia's dissent. Reynolds, 132 S. Ct. at 985. However, in Goodwin, Judge Mills stated that, even though Justices Scalia and Ginsberg "have serious concerns about the constitutionality of the delegation to the Attorney General in SORNA § 16913(d), this Court declines to presume that a majority of Supreme Court Justices will share that concern if and when the Supreme Court considers that issue." Goodwin, 2012 WL 984268, at *3. This court agrees with Judge Mills.

For all of the reasons stated, this court concludes that Defendant's Motion to Dismiss Indictment (#11) must be denied. See Lesure, 2012 WL 2979033, at *7; Goodwin, 2012 WL 984268, at *3.

IT IS THEREFORE ORDERED THAT:

(1) Defendant's Motion to Dismiss Indictment (#11) is DENIED.

(2) This case remains scheduled for a status conference by personal appearance on January 25, 2013, at 11:30 a.m.

ENTERED this 29TH day of November, 2012

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
U.S. DISTRICT JUDGE